## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ORLANDO BAEZ,

          *Plaintiff,*

    v.

ANTHONY LETIZIO, et al.,

          *Defendants.*

CIVIL ACTION
NO. 23-1827

**PAPPERT, J.**                                                                 **January 11, 2024**

<u>**MEMORANDUM**</u>

SCI Phoenix inmate Orlando Baez, proceeding *pro se*, sued prison officials Doctor Anthony Letizio and Physician Assistant Stephen Kaminsky under 42 U.S.C. § 1983, alleging retaliation under the First Amendment and deliberate indifference under the Eighth Amendment.  Letizio and Kaminsky move to dismiss the complaint for failure to state a claim as well as on the basis of claim and issue preclusion.  For the reasons that follow, the Court denies Letizio and Kaminsky's motion.

I

Baez alleges that Letizio and Kaminsky told him his illnesses were not chronic issues and he was "just a complainer [] who enjoys filing grievances."  (Compl. ¶ 14, ECF No. 1–4.)  Letizio also told Baez he would no longer receive medical care for his ongoing complaints and "there is nothing else" they would do for him. (*Id.* at ¶ 15.)  On December 8, 2021, Baez filed a grievance about this conversation with Letizio and Kaminsky.  (*Id.* at ¶ 17.)

On December 16, 2021, Baez went to Temple Hospital for an appointment to treat his lupus but was not transported in a wheelchair van even though his medical file indicated he should be, causing him to twist his knee. (*Id.* at ¶¶ 18–19, 33.) Baez also did not have a wheelchair van for his January 4, 2022 audiology consultation. (*Id.* at ¶¶ 18, 27.) Meanwhile, on December 28, 2021, a hospital nurse confiscated all of Baez's "special medical items," (*Id.* at ¶ 21), including a knee brace and knee sleeve. (*Id.* at ¶ 47.) Not having these items caused Baez to fall and injure himself on multiple occasions. *See* (*Id.* at ¶¶ 36, 38, 39, 47, 48.) A nurse also told Baez that Letizio changed his "wheelchair-van order," (*Id.* at ¶ 30), and Letizio himself admitted he had ordered the confiscation of Baez's items (*Id.* at ¶ 24). In January 2022, Kaminsky acknowledged to Baez that he was to be transported in a wheelchair van, (*Id.* at ¶ 33), and in March 2022 refused to return Baez's medical items. (*Id.* at ¶ 45.)

Baez also alleges that, as to his medical treatment, Letizio ordered the rheumatologists at Temple Hospital to only evaluate him for lupus. (*Id.* at ¶ 25). Letizio and Kaminsky also failed to follow a specialist's' recommendations for treating his Sjögren's syndrome and performed no treatment for his spine stenosis, osteoporosis or degenerative bone disease. (*Id.* at ¶ 82.) Throughout 2022, Baez continued to request his medical items back, (*Id.* at ¶¶ 37, 40, 44, 45), filed additional grievances about his wheelchair van, medical items and denial of medical care, (*Id.* at ¶¶ 31, 64, 71), and submitted requests for information about his items and prescriptions. (*Id.* at

¶¶ 41, 53, 58, 67, 73, 74, 75, 77.)  Baez subsequently sued Letizio and Kaminsky in their official and individual capacities for retaliation and deliberate indifference.[1]

## II

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads facts from which the Court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Though this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Step one is to "take note of the elements the plaintiff must plead to state a claim."  *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675).  Next, the Court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Finally, for all "well-pleaded factual

---

[1]      Insofar as Baez seeks monetary damages from Letizio and Kaminsky in their official capacities, those claims are not plausible.  The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials like Letizio and Kaminsky in their official capacities are considered suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.  *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, see 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.

allegations, the court should assume their veracity," draw all reasonable inferences from them "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the Court must dismiss the complaint. *Twombly*, 550 U.S. at 570.

When presented with a *pro se* complaint, the Court should construe the complaint liberally and "apply the applicable law, irrespective of whether" the mentioned by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Still, *pro se* litigants must allege sufficient facts to support a cognizable legal claim. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (internal citation omitted).

III

To maintain a claim under 42 U.S.C. § 1983, "a plaintiff must show that the defendant deprived him of a right or privilege secured by the Constitution or laws of the United States while acting under the color of state law." *Williams v. Borough of West Chester*, 891 F.2d 458, 464 (3d Cir. 1989). Analysis of such a claim begins by identifying the "exact contours of the underlying right said to be violated" and then "determining whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)).

A

To state a retaliation claim, Baez must allege: "(1) constitutionally protected conduct, (2) an adverse action by prison officials "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quotations and citations omitted).  Where the third prong, retaliatory motivation, cannot be shown by direct evidence, it can be pleaded by alleging "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Watson v. Rozum*, 834 F.3d 417, 424 (3d Cir. 2016).

Baez's December 8, 2021 grievance filing—a response to Letizio's and Kaminsky's statements that Baez was a complainer and Letizio's threat that Baez will no longer receive care for his ongoing complaints—is protected activity.  *Gannaway v. Prime Care Medical, Inc.*, 150 F.  Supp. 3d 511, 552 (E.D. Pa. 2015).  The subsequent denial of Baez's access to a wheelchair van and removal of Baez's items such as his knee brace are sufficiently severe to constitute adverse actions because they would deter a typical person from filing grievances, even though Baez himself continued to do so.  *Cf. Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (collecting cases).  Baez's alleged evidence of Letizio's retaliatory motives—statements from Letizio himself admitting he ordered the confiscation of Baez's medical items, (*Id.* at ¶ 24), and statements from a hospital nurse that Letizio stripped Baez of his order to use a

5

wheelchair van, (*Id.* at ¶ 30)—is sufficient to plead a causal connection between the protected conduct and Letizio's role in the adverse action. And Baez's allegations that Kaminsky spoke with him about access to a wheelchair van in January 2022 and denied him access to his medical items in March 2022, (*Id.* at ¶¶ 31, 44), are sufficient to infer Kaminsky's retaliatory motive.

B

To establish a violation of the Eighth Amendment's ban on cruel and unusual punishment based on medical care, Baez must show deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). To act with deliberate indifference to such a medical need is to recklessly disregard "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 839, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Deliberate indifference may be shown by "intentionally denying or delaying medical care." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009) (quoting *Estelle*, 429 U.S. at 104). "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Id.* (quoting *Farmer*, 511 U.S. at 843).

Letizio and Kaminsky characterize Baez's allegations as a disagreement with the care provided and cite the presumption that the treatment of a prisoner is proper

6

absent evidence it violates professional standards of care.  (Mot. to Dismiss p. 8, ECF No. 5).  But there is "a critical distinction between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment." *Pearson v. Prison Health Service*, 850 F.3d 526, 535 (3d Cir. 2017) (quoting *United States ex. rel. Walker v. Fayette Cty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).  A claim that medical care was denied does not carry the presumption that the defendant acted properly.  *Id.* at 537.

Because Baez says he was denied care for certain conditions, he need only allege Letizio and Kaminsky denied treatment with deliberate indifference.  *See McGinnis v. Hammer*, 751 F. App'x 287, 291 (3d Cir. 2018) (citing *Pearson*, 850 F.3d at 537).  Baez alleges Letizio and Kaminsky were aware of but decided not to treat his spinal stenosis, osteoporosis or degenerative bone disease.  (Compl. ¶¶ 10, 82).  He does not plead "mere allegations of malpractice" or "disagreement[s] as to the proper treatment."  *See Monmouth Cty. Corr. Inst. Inmates,* 834 F.2d at 346.   At this stage, Baez's allegations are sufficient to infer a reckless disregard toward his serious medical needs.

C

Letizio and Kaminsky also argue both claim and issue preclusion bar Baez from bringing this action.  (Mot. to Dismiss p. 15.)   Both arguments fail.

1

*Res judicata* precludes claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).  A district court may

grant a Rule 12(b)(6) motion based on an affirmative defense, such as *res judicata*, "if the predicate establishing the defense is apparent from the face of the complaint." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978).

"A party seeking to invoke *res judicata* must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). A *res judicata* analysis "does not depend on the specific theory invoked, but rather [on] 'the essential similarity of the underlying events giving rise to the various legal claims.'" *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982)).

Three actions cited and described (often incorrectly in various ways) by Letizio and Kaminsky cannot preclude Baez's claims here because they were brought in 2018 or earlier—before any of the alleged events in this case took place—and without Letizio or Kaminsky as parties. *See* (Mot. to Dismiss p. 15). And in the fourth case cited, which was before this Court, Baez alleged claims against Letizio, Kaminsky and others for the failure to treat his lupus and other medical conditions, and sought an injunction. *See Baez v. Letizio et al.*, No. 22-cv-02175 (E.D. Pa. June 2, 2023) ("*Baez v. Letizio I*"). But that case was dismissed without prejudice and the motions to dismiss and for an injunction were denied as moot, *see* (*Baez v. Letizio I*, ECF No. 35), such that there was no final judgment on the merits.

2

Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim.  *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001).

Issue preclusion does not apply to the three pre-2018 cases because they did not involve any purported retaliation or deliberate indifference by Letizio and Kaminsky. And the Court never resolved any issues in *Baez v. Letizio I*.  The Court granted Baez's motion to withdraw his complaint without prejudice and denied as moot both Letizio's and Kaminsky's Motions to Dismiss and Baez's Motion for a Preliminary Injunction. (*Baez v. Letizio I*, ECF No. 35.)

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.